**CONTROL SYSTEMS RESEARCH, INC. and Bose Corporation, Plaintiffs,**

v.

**AEROTECH, INCORPORATED, Defendant.**

Civ. A. No. 74-315.

United States District Court, W. D. Pennsylvania.

April 5, 1977.

David C. Hanson, Pittsburgh, Pa., for defendant.

Robert D. Yeager, Pittsburgh, Pa., Charles Hieken, Waltham, Mass., for plaintiffs.

OPINION

DUMBAULD, District Judge.

Plaintiff, holder of an exclusive license under United States patent No. 3,294,981,

issued to A. G. Bose on December 27, 1966, covering "signal translation employing two-state techniques" sues defendant for infringement.

The preliminary issue now before the Court relates to the validity *vel non* of defendant's contention (in paragraph 9(m) of amended answer) that the patent in suit is invalid under 35 U.S.C. §§ 184 and 185 because foreign applications were filed without a license. The issue comes before the Court on defendant's motion for summary judgment and plaintiff's cross-motion for partial summary judgment with respect to that defense.

At the time defendant filed its amendment to its answer, both parties apparently believed that no license had been obtained authorizing foreign filing. It subsequently developed that in fact a license (No. 278004) had been obtained on July 18, 1963, upon petition No. 7929, which was filed in the Patent Office in the "P-file" rather than with the file wrapper of the Bose patent to which Serial No. 300,404 was assigned. The application so numbered was a continuation-in-part, (filed July 19, 1963) of the original application (Serial No. 217,018) filed on August 15, 1962.

Between July 31, 1963, and August 15, 1963, foreign applications were filed in six countries (Plaintiff's brief p. 3). Of these defendant treats German application No. B73,133, filed August 12, 1963, as typical.

At argument the parties were in accord that said German application was substantially identical to the U.S. application No. 300,404. Both contained drawings numbered Figure 9 through Figure 16. However, the material underlying the July 18, 1963, license for foreign filing did not contain said drawings.

Defendant therefore contends that the filing of such foreign applications exceeded the authority conferred by the July 18, 1963, license; and that such *ultra vires* filing constituted a filing made "without procuring the license" required by 35 U.S.C.

§ 184, and hence resulted in invalidity (by virtue of 35 U.S.C. § 185) of the United States patent issued to Bose.

To determine the merit of this defense we turn to the terms of the statute and of the documents involved.

35 U.S.C. § 184 provides in pertinent part:

> Except when authorized by a license obtained from the Commissioner a person shall not file or cause or authorize to be filed in any foreign country prior to six months after filing in the United States an application for patent . . . in respect of an invention made in this country.

> \*   \*   \*   \*   \*   \*

> The term "application" when used in this chapter includes applications and any modifications, amendments, or supplements thereto, or divisions thereof.

35 U.S.C. § 185 in pertinent part provides:

> Notwithstanding any other provisions of law any person, and his successors, assigns, or legal representatives, shall not receive a United States patent for an invention if that person . . . shall, without procuring the license prescribed in section 184 of this title, have made . . . application in a foreign country for a patent . . . in respect of the invention. A United States patent issued to such person, his successors, assigns, or legal representatives shall be invalid.

In substance, these provisions forbid foreign filing prior to six months after United States filing "except when authorized by a license" and ordain that a United States patent issued to a person who without procuring such a license makes such a foreign application "shall be invalid." With respect to the content of the applications involved, the statute requires merely that they be "in respect of" the invention made in the United States.[1]

---

1. "Invention" presumably has its normal patent law meaning. See 35 U.S.C. §§ 100(a), 101, 102, 103. An "application" requires disclosure sufficiently specific as to enable a person familiar with the art to practice the teachings of the invention claimed. 35 U.S.C. §§ 111, 112, 113.

The license issued on July 18, 1963, provides in pertinent part:

> License under 35 U.S.C. 184 is hereby granted to file in any foreign country a patent application and any amendments thereto corresponding to the subject matter of the U.S. application identified above and/or any material accompanying the petition.

The "U.S. application identified above" is simply designated as "P 7929, Amar G. Bose, Signal Translation."

In that connection there appears additional elaboration in the license following the signature of the Commissioner of Patents:

> This license empowers the filing, the causation and the authorization of the filing of a foreign application or applications on the subject matter identified above, subsequent forwarding of all duplicate and formal papers and the prosecution of such application or applications.
>
> This license does not empower the filing of any applications, amendments, supplements or continuances originating in this country which disclose inventions, modifications, or variations not disclosed in the subject matter identified above.

Particularly pertinent is the last-quoted paragraph.

The foreign filing of any material must be deemed unauthorized by the license if such material discloses inventions, modifications or variations "not disclosed in the subject matter identified above."

Thus the validity of plaintiff's patent depends on whether the foreign application "corresponds" to the "subject matter" of the Bose application concerning signal translation "and/or any material accompanying the petition" filed as P 7929, or whether, on the other hand, it discloses other inventions, or modifications or variations, "not disclosed" in the above-mentioned "subject matter" or "material accompanying the petition" at No. P 7929.

We turn then to the contents of the foreign applications as compared with the material submitted in connection with the petition which resulted in issuance of license No. 278,004 on July 18, 1963.[2]

Since both sides agree that the only substantial discrepancy or difference between the licensing documents and the foreign applications is the absence in the former and presence in the latter of certain diagrams (Figs. 9 through 16), the question in dispute boils down to whether those diagrams constitute a modification, or variation, or different invention from that disclosed in the license documents.

As indicated above, the license itself, issued July 18, 1963, authorized filing of a foreign application corresponding to the subject-matter of the U.S. application identified as "P 7929, Amar G. Bose, Signal Translation." This would incorporate by reference the parent application, Serial No. 217,018, filed August 15, 1962, since the continuation-in-part application, upon which the patent ultimately issued on December 27, 1966, was not filed until July 19, 1963. The license likewise authorizes a foreign application corresponding to the "material accompanying the petition." That would seem to include the continuation-in-part application of July 19, 1963, *except for the diagrams designated as Figs. 9 through 16* which are contained in the application as filed in the United States and abroad but not in the material accompanying the petition. Figs. 1 through 8 required no license for inclusion in foreign applications, since they had been filed in the United States for more than six months, *i.e.* since August 15, 1962. They were transferred to the file wrapper in No. 300,404.

As stated above, the comparison of the foreign-filed material with the authorized-to-be-filed material may be made without

---

**2.** Counsel having stipulated at argument that the foreign applications are in all essential respects identical with the U.S. application at Serial No. 300,404, the comparison may be made without examination of any documents in foreign languages. The U.S. application may be treated as an equivalent document for comparison with the underlying material measuring the scope of the license.

resort to the original applications in foreign languages, since it is agreed that the continuation-in-part application at Serial No. 300,404 is substantially identical with them, and contains Figs. 9 through 16. The file wrapper of that application is Defendant's Exhibit O. The patent itself, being the measure of any rights which plaintiff may assert in this infringement litigation may for most purposes be treated as a convenient equivalent of the pertinent parts of the application of July 19, 1963. The appendix to plaintiff's brief on the pending motions (which has been ordered filed of record) conveniently contains the patent under tab No. 1, and the petition for license, the accompanying material, and the license itself, under tab No. 7.

Pursuant to patent office action on February 3, 1965, requiring "a new title which is aptly descriptive of the invention claimed," the applicant amended on July 29, 1965, to the title ultimately shown in patent No. 3,294,981: "Signal Translation Employing Two-State techniques." This change would not affect the issue now before the Court, unless it should be shown that employment of two-state techniques was first introduced as an essential feature of the invention by Figs. 9 through 16. Apparently that is not the case.[3]

It will be noted that the draft application submitted with the petition for license refers to and describes drawings designated as Fig. 1 though Fig. 16.

The document accompanying the petition repeatedly refers, in patent-office prose, which presumably conveys meaning to persons familiar with the art, to various aspects of the drawings so designated.[4]

The claims made in the petition material are the same as those in the U.S. application, before amendments pursuant to Patent Office action.

Upon scrutiny of these documents, it appears clearly to the Court that the license authorized filing of foreign applications containing all 16 figures or diagrams. Had the Patent Office considered the verbal material insufficient, and required sight of the drawings in order to satisfy itself that foreign filing was proper, it could have insisted upon their submission before granting the license.

Defendant's brief (which has been ordered filed of record, at p. 6) shows in yellow several circuits shown in the German application which "simply are not described in the writing" accompanying the license application. Nothing is said by defendant to establish that these details in the drawing are of significance and serve to identify a different invention or modification "not disclosed in the subject matter" authorized by the license.

Defendant, to be sure, takes the position that such demonstration would be superfluous, and that any discrepancy whatsoever suffices to destroy the validity of the U. S. patent. This contention is clearly unacceptable in its most extreme form, since word order in translation and perhaps other changes in literary arrangement might be rendered necessary by the genius of the foreign language. Likewise the idiosyncrasies of practice in the foreign patent office might prescribe formalities forbidding a strictly literal reproduction of the material supporting the application for license.

■ This Court holds that to be fatal to patentability under 38 U.S.C. § 185 the discrepancy must contain something essential to the identity of the invention such that the new formulation amounts to disclosure in the foreign application of a different invention "not disclosed" in the original material accompanying the petition for the license to file abroad.

■ Under this construction we are not prepared to hold that plaintiff has forfeited patentability. To use an example discussed

---

3. The amendment substituting "two-state" for "bistable" when the title was changed seems purely verbal.

4. Figs. 2 and 3 are discussed on pp. 6, and 8, Fig. 4 on pp. 9 and 11, Figs. 7 and 8 on p. 13, Fig. 9 on p. 14, Fig. 11 on p. 20, Fig. 12 on p. 21, Fig. 13 on p. 24, Figs. 14 and 15 on p. 25, Fig. 16 on p. 26.

at argument, if a license were obtained for an airplane propeller, and the foreign application described a process for manufacturing a railroad car wheel, a patent would clearly be precluded by 35 U.S.C. § 185. But in the case at bar, defendant has not established such a variance. Though here we may be speaking "not according to knowledge" (Romans 10:2), we are convinced on the present state of the record that the discrepancies between the foreign applications and the material accompanying the petition for license to foreign file are simply incidental elaboration of the same invention and that no new disclosure fatal to patentability is involved.

Accordingly we must deny defendant's motion for summary judgment and grant plaintiff's motion for partial summary judgment with respect to the 35 U.S.C. § 185 defense. As indicated at argument, however, this ruling is without prejudice to renewal of the issue at the close of all the evidence. If the testimony, including that of expert witnesses, should then indicate that the addition of the four diagrams in the foreign applications did indeed disclose a different invention, rather than an incidental elaboration germane to the original invention, the defense might properly prevail. At the present stage of the proceedings, however, it is the opinion of this Court that the defense has not been established.